IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **NORA RAYAS DE RAMIREZ,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CIVIL ACTION** |
| ) | **NO. 3:22-CV-462** |
| **MERRICK B. GARLAND,** ) | |
| **ATTORNEY GENERAL** ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION (FBI)** ) | |
| ) | |
| Defendant. ) | |

## *COMPLAINT*

### *Introduction*

1.  This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII"), and/or pursuant to the Age Discrimination in Employment and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.

2.  This lawsuit is brought to prevent Defendant, MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI), pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, NORA RAYAS DE RAMIREZ , in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, NORA RAYAS DE RAMIREZ , who has been discriminated against by Defendant on the basis of sex (female); age (52) and reprisal  (prior EEO Activity).

*Jury Demand*

3. A jury is hereby demanded.

*Jurisdiction and Venue*

4. This action is brought for a declaratory judgment, injunctive relief, and compensatory damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202. This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII].

5. Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI), Plaintiff's employer. Further, all actions complained of herein occurred within the El Paso County, Texas.

*Parties*

6. **NORA RAYAS DE RAMIREZ** is a female citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7. Plaintiff is employed by the Defendant, **MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (FBI)**. The Defendant maintains and administers records relevant to its employment practices. Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8. Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII").

*Exhaustion of Remedies*

9. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which she complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991. Specifically, NORA RAYAS DE RAMIREZ alleges that she was discriminated against because of her sex (female), her age (52), and subject to retaliation (prior EEO Activity).

10. All conditions precedent to the filing of the lawsuit have been met.

*Factual Allegations*

11. NORA A. RAYAS DE RAMIREZ (herein after referred to as "Plaintiff") was discriminated by the Agency against her based on her sex (female), her age (52), and reprisal.

12. Plaintiff was employed as an Information Technology Specialist in the FBI's El Paso, Texas, Field Office.

13. On November 22, 2021, Plaintiff initiated EEO counseling with an EEO Counselor in the FBI's Office of Equal Employment Opportunity Affairs (OEEOA).

14. Plaintiff was discriminated by the Agency based on her age, sex, and reprisal for prior EEO activity. Plaintiff was placed on a Performance Improvement Plan (PIP) on an unspecified date; and since in or about 2018, she has been harassed by a Supervisory Information Technology Specialist (SITS). Plaintiff provided a detailed explanation why she believes she was discriminated against and suffered retaliation.

15. On November 21, 2021, she was notified she was not selected for the position of Supervisory Foreign Language Program Coordinator (SFLPC) in the El Paso office; and on or about November 16, 2021, she was made aware an executive management official did not want to select her for the

SFLPC position. No resolution was reached at the counseling stage. The Notice of Right to File a Discrimination Complaint was issued on January 19, 2022, and thereafter Plaintiff filed the instant EEO complaint.

16. On February 3, 2022, the FBI acknowledged receipt of Plaintiff's complaint. In her complaint Plaintiff alleged discrimination against based on age (YOB: 1969), sex (female), and reprisal for prior EEO activity when: (1) she was placed on a Performance Improvement Plan (PIP) on an unspecified date; and (2) since in or about 2018, she has been harassed by a Supervisory Information Technology Specialist (SITS). The harassment be a supervisor is part of her not being selected for the position of SFLPC.

17. Plaintiff has demonstrated she was discriminated against based on her sex, age, or reprisal.

## COUNT ONE
## TITLE VII VIOLATION - SEX (GENDER)

18. The Plaintiff realleges paragraphs 1 – 17 as if fully set forth herein.

19. Defendant discriminated against Plaintiff herein since the agents and employees of Defendant engaged in discrimination based on sex in violation of Title VII of the Civil Rights Act. Specifically, the Plaintiff suffered adverse employment consequences as a direct result of sex (make). As a direct and proximate result of these actions, Plaintiff suffered sex discrimination.

20. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to Title VII and under the general equity Powers of the Court.

## COUNT TWO
## AGE DISCRIMINATION

21. Plaintiff realleges paragraphs 1 - 20 as if fully set forth herein.

22. The actions of Defendant constituted age discrimination against Plaintiff in the creation and condemnation of an age bias which changed the terms and conditions of her employment.

23. The unlawful employment practices in violation of the ADEA herein complained of, occurred in the course of Plaintiff's employment with Defendant, and were executed by Defendant's agents, servants, and employees and committed because of Plaintiff's age.

24. Defendants discriminated against Plaintiff herein because of her age with respect to the terms, conditions, privileges, advantages, and benefits of her employment with Defendant. Specifically, Plaintiff was held to stricter standards of performance, and denied benefits of employment accorded other employees.

25. In addition, Plaintiff was treated dissimilarly from other employees.

26. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings heretofore and is therefore entitled to attorney's fees pursuant to the ADEA and under the General Equity Powers of the Court.

## *COUNT THREE*
## *REPRISAL/RETALIATION*

27. The Plaintiff, **NORA RAYAS DE RAMIREZ** realleges paragraphs 1 - 26 as if fully set forth herein.

28. Defendant retaliated against Plaintiff, **NORA RAYAS DE RAMIREZ** herein since it engaged in reprisal and retaliation in violation of the Title VII. Specifically, Plaintiff, **NORA RAYAS DE RAMIREZ** suffered adverse employment consequences as a direct result of her participation or assistance in an EEOC process. As a direct and proximate result of these actions, Plaintiff, **NORA RAYAS DE RAMIREZ** suffered retaliation and reprisal.

29. By reason of the Defendant's actions, Plaintiff, **NORA RAYAS DE RAMIREZ** found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore

entitled to attorney's fees pursuant to the Rehabilitation Act, and under the general equity Powers of the Court.

30. By reason of the Defendant's actions, Plaintiff, **NORA RAYAS DE RAMIREZ** found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to Title VII, and under the general equity Powers of the Court.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees, and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and ADEA.

b. Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII and ADEA, for her pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

c. Attorney's fees, court costs, prejudgment, and post judgment interest as provided by law including Title VII; and

d. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*The Law Office of Enrique Lopez*
701 N. St. Vrain Street
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile: (915) 534-7207

By: /s/ Enrique Lopez
    ENRIQUE LOPEZ
    State Bar No.: 12563530

Attorney for Plaintiff